UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE TAYLOR,

           Plaintiff,

    v.

S. KOUBONG, et al,

           Defendants.

No.  2:24-cv-01871 TLN CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff filed the original complaint on July 8, 2024.  (ECF No. 1)  On July 12, 2024, plaintiff filed an amended complaint.  (ECF No. 8.)  Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course withing 21 days.  This Court therefore screens the amended complaint.  See Fed. R. Civ. P. 15(a)(1)(A).

I.    In Forma Pauperis Request

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

1  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3  forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

4  of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

5  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

6  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

7  § 1915(b)(2).

8  II.     Screening of Plaintiff's Amended Complaint

9         Named as defendants are S. Koubong, Senior Librarian A. Chaudhry, Warden Jones and

10  does 1-10.  (ECF No. 8 at 2.)  The alleged deprivations occurred at the California Health Care

11  Facility in Stockton, California.  (Id. at 1.)  Plaintiff seeks money damages and injunctive relief.

12  (Id. at 7-8.)  Plaintiff's amended complaint contains two claims for relief.

13         A.  Screening Standards

14         The court is required to screen complaints brought by prisoners seeking relief against a

15  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

16  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

17  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

18  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

19         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

20  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

21  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

22  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

23  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

24  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

25  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

26  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

27  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

28  1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

B. *Claim One*

Plaintiff alleges that since February 2024, defendants Koubong and Chaudhry have routinely denied plaintiff's requests for pleading paper and envelopes from the law library. (ECF No. 8 at 3.) Plaintiff alleges that these denials prevented plaintiff from preparing and filing legal documents. (Id.) Plaintiff alleges that these denials prevent plaintiff from petitioning the government for redress of plaintiff's grievances. (Id.) On June 12, 2024, plaintiff submitted a letter to defendant Koubong requesting that the letter be photocopied. (Id.) Defendant Koubong read the letter and denied the request. (Id.) Plaintiff needed a photocopy of the letter to be used as an attachment to one of plaintiff's legal documents petitioning the government for redress of plaintiff's grievances. (Id.) Plaintiff alleges that defendant Koubong has routinely delayed her delivery of "completed fulfillments" of plaintiff's requests for legal materials. (Id.) Plaintiff alleges that three or four weeks ago, plaintiff informed defendant Koubong of the unjust delays, and the delays became worse. (Id.) Plaintiff alleges that the actions described in claim one violated plaintiff's right to petition the government for redress of plaintiff's grievances. (Id.)

1   This Court construes claim one to raise a claim for violation of plaintiff's right to access

2   the courts.  Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S.

3   343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by

4   Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct

5   criminal appeals, habeas corpus proceedings, and section 1983 actions.  See Lewis, 518 U.S. at

6   353 n.3, 354-55.  In order to state a claim for denial of the right to access the courts, a prisoner

7   must establish that he has suffered "actual injury," a jurisdictional requirement derived from the

8   standing doctrine.  Id. at 349.  An "actual injury" is "actual prejudice with respect to

9   contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

10  claim."  Id. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d

11  1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had

12  been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S.

13  at 353 & n.4).

14  The United States Supreme Court has identified two categories of access-to-court claims.

15  Christopher v. Harbury, 536 U.S. 403, 412-13 (2002).  The first category includes "forward-

16  looking" claims, which allege that official action presently frustrates a plaintiff's ability to

17  prepare and file a suit.  Id. at 413. The second category, "backward-looking" claims, allege that

18  due to official action, a specific case "cannot now be tried (or tried with all material evidence), no

19  matter what official action may be in the future."  Id. at 413-14.  These cases look "backward to a

20  time when specific litigation ended poorly, or could not have commenced, or could have

21  produced a remedy subsequently unobtainable."  Id. at 414.  To demonstrate an actual injury for a

22  backward-looking claim, a plaintiff must identify: (1) loss of a "nonfrivolous," "arguable"

23  underlying claim; (2) the official acts that frustrated the litigation of the underlying claim; and

24  (3) a remedy that "may be awarded as recompense but [is] not otherwise available in some suit

25  that may yet be brought."  Id. at 414-18.

26  Plaintiff fails to allege that the denial of his requests for pleading paper and envelopes by

27  defendants Koubong and Chaudhry prejudiced plaintiff's litigation of a direct criminal appeal,

28  habeas corpus petition or section 1983 action.  For this reason, plaintiff fails to demonstrate an

4

1    actual injury with respect to this claim.

2         Plaintiff alleges that defendant Koubong refused to make a photocopy of a letter to be

3    used as an attachment to a legal document petitioning the government for the redress of plaintiff's

4    grievances.  However, plaintiff does not address whether the petition he wished to attach his letter

5    to was a direct criminal appeal, habeas corpus petition or civil rights action.  Plaintiff also fails to

6    address how his alleged inability to attach the letter to the petition prevented plaintiff from

7    presenting the claims raised in his petition.  For these reasons, plaintiff fails to demonstrate an

8    actual injury with respect to this claim.

9         Plaintiff alleges that defendant Koubong delayed in delivering plaintiff's requests for legal

10   materials.  Plaintiff fails to allege how the alleged delay in his receipt of legal materials

11   prejudiced his ability to proceed with a direct criminal appeal, habeas corpus petition or civil

12   rights action.  For this reason, plaintiff fails to demonstrate an actual injury with respect to this

13   claim.

14        For the reasons discussed above, claim one does not state a potentially colorable claim for

15   violation of plaintiff's right to access the court.  Accordingly, claim one is dismissed with leave to

16   amend.

17        C.  *Claim Two*

18        In claim two, plaintiff alleges that on June 12, 2024, in the presence of plaintiff and other

19   inmates, defendant Koubong threatened that any inmate who filed a grievance would suffer

20   retaliation.  (ECF No. 8 at 5.)  Plaintiff alleges that the actions described in claim two violated

21   plaintiff's right to petition the government, the Equal Protection Clause and the California Bane

22   Act.  (Id.)

23        This Court construes plaintiff's claim alleging violation of his right to petition the

24   government to raise a claim for violation of plaintiff's right to access the courts.  Plaintiff fails to

25   demonstrate how defendant Koubong's alleged threat to retaliate against inmates who file

26   grievances caused plaintiff to suffer an actual injury with respect to a direct criminal appeal,

27   habeas corpus petition or civil rights action.  Lewis, 518 U.S. at 348-49.  For this reason, claim

28   two does not state a potentially colorable claim for violation of plaintiff's right to access the

1    courts.

2          Turning to plaintiff's equal protection claim, "[t]he Equal Protection Clause of the

3    Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction

4    the equal protection of the laws,' which is essentially a direction that all persons similarly situated

5    should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

6    A plaintiff may demonstrate violation of the Equal Protection Clause by showing that defendants

7    acted with the intent or purpose to discriminate against the plaintiff based upon membership in a

8    protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Here, there are no

9    allegations contained in plaintiff's amended complaint suggesting that he is a member of a

10   protected class.    Prisoners are not a protected class.  See Rodriquez v. Cook, 169 F.3d 1176,

11   1179 (9th Cir. 1999).

12         Equal protection claims may also arise under a "class of one" theory where the plaintiff

13   claims that he has been "intentionally treated differently from others similarly situated and that

14   there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528

15   U.S. 562, 564 (2000).  Plaintiff fails to demonstrate that defendant Koubong intentionally treated

16   plaintiff differently from similarly situated individuals and fails to demonstrate, if there had been

17   a difference in treatment, that there was no rational basis for the difference in treatment.  For

18   these reasons, this Court finds that plaintiff fails to state a potentially colorable equal protection

19   claim.

20         Plaintiff also alleges a claim under California Civil Code section 52.1, known as the Bane

21   Act, which authorizes a claim for relief "against anyone who interferes, or tries to do so, by

22   threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by

23   federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998).  The essence of a Bane

24   Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the

25   plaintiff from doing something that he had the right to do under the law or to force the plaintiff to

26   do something that he was not required to do under the law.  Austin B. v Escondido Union Sch.

27   Dist., 149 Cal. App. 4th 860, 883 (2007) (quotation marks omitted).

28         The Government Claims Act requires that a tort claim against a public entity or its

                                              6

employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 900, 905.2, 910, 911.2, 945.4, 950, 950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings Cnty and Bodde, 32 Cal.4th 1234, 1239 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee or public entity, a plaintiff must allege compliance with the Government Claims Act.  Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Because plaintiff fails to allege compliance with the Government Claims Act, he fails to state a claim for violation of the Bane Act against all defendants.  See Crane v. Lopez, 2024 WL 1241716, at *7 (E.D. Cal. March 22, 2024) ("The Government Claims Act applies to claims brought under the Bane Act.") (citing Inman v. Anderson, 294 F. Supp. 3d 907, 925 (N.D. Cal. 2018)).

Although plaintiff does not raise a retaliation claim in claim two, in an abundance of caution, this Court finds that claim two does not state a potentially colorable retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). A threat of harm can be a sufficiently adverse action to support a retaliation claim. See Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect.") (emphasis in original).

Although plaintiff alleges that defendant Koubong threatened to retaliate against plaintiff and other inmates if they filed grievances, plaintiff does not allege that plaintiff engaged in protected conduct or allege that defendant Koubong threatened to retaliate against plaintiff because of that protected conduct.  In addition, plaintiff's claim that defendant Koubong threatened to retaliate against inmates who filed grievances is too vague and conclusory to

1   demonstrate an adverse action.  Plaintiff does not describe any specific retaliatory acts defendant

2   Koubong threatened to take against plaintiff.  For these reasons, claim two does not state a

3   potentially colorable retaliation claim.

4        D.  *Defendants Warden Jones and Does 1-10*

5        Plaintiff's amended complaint contains no allegations against defendants Warden Jones or

6   does 1-10.  The Civil Rights Act under which this action was filed provides as follows:

7           Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation

8           of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,

9           or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

13  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

14  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

15  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

16  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

17  act, participates in another's affirmative acts or omits to perform an act which he is legally

18  required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588

19  F.2d 740, 743 (9th Cir. 1978).

20       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

21  their employees under a theory of respondeat superior and, therefore, when a named defendant

22  holds a supervisorial position, the causal link between him and the claimed constitutional

23  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

24  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

25  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

26  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

27  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

28  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

1   participation is insufficient).

2   Defendants Warden Jones and does 1-10 are dismissed because the amended complaint

3   contains no allegations linking these defendants to any potentially colorable claim for relief.

4   E. *Second Amended Complaint*

5   If plaintiff chooses to file a second amended complaint, plaintiff is informed that the court

6   cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.

7   Local Rule 220 requires that an amended complaint be complete in itself without reference to any

8   prior pleading.  This requirement exists because, as a general rule, an amended complaint

9   supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002,

10   1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated

11   thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended

12   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

13   amended complaint, as in an original complaint, each claim and the involvement of each

14   defendant must be sufficiently alleged.

15   III.   Motion for Appointment of Counsel

16   Plaintiff also requests appointment of counsel  (ECF No. 3.)  District courts lack authority

17   to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States

18   Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

19   attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer,

20   935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

21   1990).  When determining whether "exceptional circumstances" exist, the court must consider

22   plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

23   claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

24   965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

25   The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

26   common to most prisoners, such as lack of legal education and limited law library access, do not

27   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

28   Having considered the factors under Palmer, the Court finds that plaintiff failed to meet

his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IV.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's amended complaint is dismissed without prejudice.

4.  Within thirty days from the date of this order, if plaintiff elects to file a second amended complaint, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

5.  Plaintiff's motion for appointment of counsel (ECF No. 3) is denied.

Dated:  July 15, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Tay1871.14(am)

10

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   WAYNE TAYLOR,                              No.  2:24-cv-01871 TLN CSK P

                     Plaintiff,
11
            v.                                  NOTICE OF AMENDMENT
12
     S. KOUBONG, et al.,
13
                     Defendants.
14

15

16        Plaintiff submits the following document in compliance with the court's order

17   filed on _____ (date).

18

19                          ☐         Second Amended Complaint

20                                    (Check this box if submitting a Second Amended Complaint)

21

22   DATED:

23                                    _____
                                      Plaintiff
24

25

26

27

28

                                        11