1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      WAYNE TAYLOR,                                No.  2:24-cv-01871 TLN CSK P

12                      Plaintiff,

13            v.                                     ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14      S. KOUBONG, et al.,

15                      Defendants.

16

17      I.       Introduction

18            Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19      to 42 U.S.C. § 1983.  On July 8, 2024, plaintiff filed the original complaint and a motion for a

20      preliminary injunction and temporary restraining order.  (ECF Nos. 1, 4.)  Plaintiff's original

21      complaint named as defendants S. Koubong, Senior Librarian Chaudhry, State of California and

22      does 1-10.  (ECF No. 1 at 1.)  On July 12, 2024, plaintiff filed an amended complaint and a

23      second motion for a preliminary injunction and temporary restraining order.  (ECF Nos. 8, 9.)

24      Plaintiff's amended complaint named as defendants S. Koubong, Senior Librarian Chaudhry,

25      Warden Jones and does 1-10.  (ECF No. 8 at 1.)  Pursuant to Federal Rule of Civil Procedure

26      15(a)(1), a party may amend its pleading once as a matter of course within 21 days.  By order

27      dated July 15, 2024, this Court therefore screened the amended complaint.  See Fed. R. Civ. P.

28      15(a)(1)(A).  (ECF No. 10.)

                                                    1

1    Plaintiff's motions for preliminary injunctions and temporary restraining orders seek the

2  same relief.  (ECF Nos. 4, 9.)  However, plaintiff's second motion for a preliminary injunction

3  and temporary restraining order is addressed to defendant Warden Jones.  (ECF No. 9 at 1.)

4  Accordingly, this Court finds that plaintiff's second motion for injunctive relief supersedes

5  plaintiff's first motion for injunctive relief.  For the reasons stated herein, this Court recommends

6  that plaintiff's second motion for injunctive relief and a temporary restraining order be denied.

7    II.    Legal Standards

8    Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and

9  requires that a motion for temporary restraining order include "specific facts in an affidavit or a

10  verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will

11  result to the movant before the adverse party can be heard in opposition," as well as written

12  certification from the movant's attorney stating "any efforts made to give notice and the reasons

13  why it should not be required."  Fed. R. Civ. P. 65(b).

14    Temporary restraining orders are generally governed by the same standard applicable to

15  preliminary injunctions, except that preliminary injunctions require notice to the adverse party.

16  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126

17  (E.D. Cal. 2001); Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however,

18  requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of

19  circumstances," and the court considers whether the applicant could have sought relief by motion

20  for preliminary injunction at an earlier date.  E.D. Cal. Local Rule 231(a)-(b).  A temporary

21  restraining order "should be restricted to serving [its] underlying purpose of preserving the status

22  quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

23  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S.

24  423, 439 (1974).

25    A temporary restraining order is "an extraordinary remedy" and may be issued only if

26  plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in

27  the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that

28  an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20

1    (2008).  Plaintiff bears the burden of clearly satisfying all four prongs.  Alliance for the Wild

2    Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  A temporary restraining order will not

3    issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.

4    Id. at 1131.

5            The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner

6    litigants seeking preliminary injunctive relief against prison officials.  In such cases,

7    "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

8    correct the harm the court finds requires preliminary relief, and be the least intrusive means

9    necessary to correct that harm."  18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr.,

10   2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA

11   places significant limits upon a court's power to grant preliminary injunctive relief to inmates,

12   and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

13   bargaining power of prison administrators—no longer may courts grant or approve relief that

14   binds prison administrators to do more than the constitutional minimum."  Gilmore v. People of

15   the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

16   III.    Background

17           Named as defendants in the amended complaint are S. Koubong, Senior Librarian

18   Chaudhry, Warden Jones and does 1-10.  (ECF No. 8 at 2.)  The alleged deprivations occurred at

19   the California Health Care Facility in Stockton, California.  (Id. at 1.)  Plaintiff's amended

20   complaint contains two claims.  In claim one, plaintiff alleges that defendants Koubong and

21   Chaudhry violated plaintiff's right to access the courts by denying plaintiff's requests for pleading

22   paper and envelopes, refusing to photocopy a letter and delaying the delivery of plaintiff's

23   requests for legal materials.  (Id. at 3.)  In claim two, plaintiff alleges that defendant Koubong

24   violated plaintiff's right to access the courts, the Equal Protection Clause and California Bane Act

25   on June 12, 2024 when defendant Koubong stated to plaintiff and other inmates that any inmate

26   who filed a grievance would suffer retaliation.  (Id. at 5.)

27           On July 15, 2024, this Court separately issued an order dismissing plaintiff's amended

28   complaint with leave to amend.  (ECF No. 10.)  This Court found that claims one and two failed

1   to state potentially colorable claims for violation of plaintiff's right to access the courts because

2   plaintiff failed to allege an actual injury involving a direct appeal, habeas corpus petition or civil

3   rights action.  Lewis v. Casey, 518 U.S. 343, 349 (1996).  This Court found that claim two failed

4   to state a potentially colorable claim for violation of the Equal Protection Clause because plaintiff

5   failed to allege membership in a suspect class, Barren v. Harrington, 152 F.3d 1193, 1194 (9th

6   Cir. 1998), or that plaintiff was intentionally treated differently from similarly situated individuals

7   and that there was no rational basis for the difference in treatment, Village of Willowbrook v.

8   Olech, 528 U.S. 562, 564 (2000).  This Court also found that plaintiff did not state a potentially

9   colorable Bane Act claim because plaintiff failed to allege compliance with the Government

10  Claims Act.  State v. Superior Court of Kings Cnty and Bodde, 32 Cal.4th 1234, 1239 (2004);

11  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v.

12  Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Finally, this Court found that the

13  amended complaint contained no specific allegations against defendant Jones and the doe

14  defendants and failed to allege a link between defendants Jones and the doe defendants and

15  plaintiff's claims.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Rizzo v.

16  Goode, 423 U.S. 362, 371-72 (1976).

17  IV.  Discussion

18       In the second motion for a preliminary injunction and a temporary restraining order,

19  plaintiff seeks an order reassigning defendant Koubong from the law library so that plaintiff has

20  no further contact with defendant Koubong in the law library.  (ECF No. 9 at 1-2.)  In support of

21  this motion, plaintiff provides a declaration that restates most of the allegations in the complaint.

22  (Id. at 3-5.)

23       As stated above, in order to obtain injunctive relief, plaintiff must demonstrate a

24  likelihood of success on the merits.  This Court dismissed plaintiff's amended complaint with

25  leave to amend because plaintiff's amended complaint failed to state potentially colorable claims

26  for relief.  Based on this Court's order dismissing plaintiff's amended complaint with leave to

27  amend, this Court finds that plaintiff fails to demonstrate a likelihood of success on the merits at

28  this time.  For this reason, plaintiff's motion for injunctive relief and a temporary restraining

4

1  order should be denied.  See Winter, 555 U.S. at 20; Alliance for the Wild Rockies, 632 F.3d at

2  1135.  Because plaintiff fails to demonstrate a likelihood of success on the merits, this Court need

3  not address the other three prongs required for issuance of injunctive relief.

4       Accordingly, IT IS HEREBY ORDERED that plaintiff's first motion for a preliminary

5  injunction and a temporary restraining order (ECF No. 4) is superseded by plaintiff's second

6  motion for a preliminary injunction and temporary restraining order; and

7       IT IS HEREBY RECOMMENDED that plaintiff's second motion for a preliminary

8  injunction and a temporary restraining order (ECF No. 9) be denied.

9       These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, plaintiff may file written objections

12  with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

14  failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17  Dated:  July 17, 2024

18  _____

CHI SOO KIM

19  UNITED STATES MAGISTRATE JUDGE

20  Tay1871.inj

21  2

5