UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. KOUBONG, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-01871 TLN CSK P<br><br><br>ORDER |

I. INTRODUCTION

　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 8, 2024. (ECF No. 1.) Plaintiff filed a first amended complaint on July 12, 2024. (ECF No. 8.) On July 16, 2024, this Court issued an order screening plaintiff's first amended complaint. See Fed. R. Civ. P. 15(a)(1)(A) (a party may amend its pleading once as a matter of course within 21 days of serving original pleading). (ECF No. 10.) This Court dismissed plaintiff's amended complaint with leave to file a second amended complaint. (Id.) Pending before the court is plaintiff's second amended complaint. (ECF No. 17.) For the following reasons, plaintiff's second amended complaint is dismissed with leave to file a third amended complaint.

II. SCREENING STANDARDS

　　　The court is required to screen complaints brought by prisoners seeking relief against a

1

1   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
2   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
3   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
4   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

5       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
7   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11  Cir. 1989); Franklin, 745 F.2d at 1227.

12      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
13  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
14  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding,
15  467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.
16  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
17  complaint under this standard, the court must accept as true the allegations of the complaint in
18  question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading
19  in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
20  McKeithen, 395 U.S. 411, 421 (1969).

21  III. DISCUSSION

22      Named as defendants are S. Koubong, A. Chaudhry, G. Jones and does 1-10.  (ECF No.
23  17 at 2.)  The alleged deprivations occurred at the California Health Care Facility ("CHCF") in
24  Stockton, California.  The second amended complaint includes two claims for relief.

25      A. Claim One—Alleged Violation of Right to Access the Courts
26          1. Legal Standard
27      Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S.
28  343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by

1   Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct
2   criminal appeals, habeas corpus proceedings, and section 1983 actions.  See Lewis, 518 U.S. at
3   353 n.3, 354-55.  In order to state a claim for denial of the right to access the courts, a prisoner
4   must establish that he has suffered "actual injury," a jurisdictional requirement derived from the
5   standing doctrine.  Id. at 349.  An "actual injury" is "actual prejudice with respect to
6   contemplated or existing litigation, such as the inability to meet a filing deadline or to present a
7   claim."  Id. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d
8   1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had
9   been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S.
10  at 353 & n.4).

11         The United States Supreme Court has identified two categories of access-to-court claims.
12  Christopher v. Harbury, 536 U.S. 403, 412-13 (2002).  The first category includes "forward-
13  looking" claims, which allege that official action presently frustrates a plaintiff's ability to
14  prepare and file a suit.  Id. at 413. To demonstrate an actual injury for a forward-looking claim, a
15  plaintiff must demonstrate that an official presently frustrates a plaintiff's ability to prepare and
16  file a suit.  Id. at 413.  The second category, "backward-looking" claims, allege that due to
17  official action, a specific case "cannot now be tried (or tried with all material evidence), no matter
18  what official action may be in the future."  Id. at 413-14.  These cases look "backward to a time
19  when specific litigation ended poorly, or could not have commenced, or could have produced a
20  remedy subsequently unobtainable."  Id. at 414.  To demonstrate an actual injury for a backward-
21  looking claim, a plaintiff must identify: (1) loss of a "nonfrivolous," "arguable" underlying claim;
22  (2) the official acts that frustrated the litigation of the underlying claim; and (3) a remedy that
23  "may be awarded as recompense but [is] not otherwise available in some suit that may yet be
24  brought."  Id. at 414-18.

25              2. Plaintiff's Allegations
26         Plaintiff alleges that since February 2024, defendants Koubong and Chaudhry have
27  routinely denied plaintiff's properly submitted requests for pleading paper and envelopes from the
28  law library.  (ECF No. 17 at 3.)  Plaintiff alleges that these denials chilled plaintiff's ability to

1 prepare and file legal documents in a habeas corpus petition plaintiff filed in the San Joaquin
2 County Superior Court that has been pending since May 2024.  (Id.)  Plaintiff alleges that these
3 denials also chilled plaintiff's Section 1983 actions that plaintiff has been contemplating filing
4 since February 2024.  (Id.)  Plaintiff alleges that the denials of his requests for pleading paper and
5 envelopes prejudiced his ability to present pleadings in his pending habeas corpus petition and
6 made him unable to prepare pleadings in his contemplated Section 1983 actions.  (Id.)  Plaintiff
7 also alleges that on June 12, 2024, he submitted a letter to defendant Koubong requesting that the
8 letter be photocopied.  (Id.)  Defendant Koubong read the letter and denied the request for
9 photocopying for no good reason.  (Id.)  Plaintiff alleges that he needed a copy of the letter to be
10 used as an attachment to a discovery request in his habeas action as well as an attachment to a
11 letter of inquiry to an attorney regarding his contemplated Section 1983 action.  (Id.)  Plaintiff
12 alleges that his inability to obtain a copy of the letter took away plaintiff's ability to prepare an
13 adequate discovery request in his habeas action.  (Id. at 4.)

14       Plaintiff alleges that on June 11, 2024, defendant Koubong completed one of plaintiff's
15 requests for legal materials but did not deliver the legal materials until June 12, 2024, which was
16 at the end of plaintiff's two-hour law library access.  (Id.)  Plaintiff later realized that defendant
17 Koubong had not completely fulfilled one of plaintiff's requests for legal materials.  (Id.)
18 Plaintiff was denied the opportunity to resubmit the request on June 12, 2024, causing unjust
19 delay.  (Id. at 5.)  Plaintiff alleges that his next opportunity to submit a request conflicted with his
20 previously scheduled phone call appointment.  (Id.)  Plaintiff had to abandon his phone call
21 appointment in order to revisit the law library and resubmit his request for legal materials.  (Id.)

22          3.  Analysis

23       For the following reasons, this Court finds that plaintiff fails to state a potentially
24 colorable claim for denial of access to the courts.  Plaintiff's general claim that the denials of his
25 requests for pleading paper and envelopes prejudiced his ability to present pleadings in his habeas
26 corpus petition does not demonstrate an actual injury based on the legal standards discussed
27 above.  Plaintiff fails to allege specific and actual prejudice to his habeas corpus petition based on
28 the alleged denials of his requests for pleading paper and envelopes.  Plaintiff also pleads no facts

4

demonstrating that his habeas corpus action in state court is non-frivolous, as required to state a claim for denial of access to the courts.

While plaintiff alleges that the denial of his requests for pleading paper and envelopes chilled his ability to prepare his contemplated Section 1983 actions, plaintiff does not describe the Section 1983 actions he was unable to prepare. For this reason, plaintiff fails to demonstrate that his contemplated Section 1983 actions were non-frivolous, as required to state a claim for denial of access to the courts. Plaintiff also fails to plead facts demonstrating how defendants' denials of his requests for pleading paper and envelopes prevented plaintiff from filing his Section 1983 actions and why he can no longer pursue these actions. To the extent this allegation relates to this lawsuit, the Court notes that plaintiff has successfully filed multiple documents in federal court in this action.

While plaintiff alleges that defendant Koubong refused to copy a letter that plaintiff needed to use as an attachment to a discovery request in his habeas proceeding, plaintiff does not describe the relevance of this letter to his discovery request and whether plaintiff's failure to attach the letter impacted the San Joaquin County Superior Court's ruling on his discovery request. For this reason, plaintiff fails to demonstrate that he suffered an actual injury based on defendant Koubong's alleged denial of his request for a copy of the letter.

Plaintiff also alleges that he wanted to attach a copy of the letter defendant Koubong allegedly refused to copy to a letter of inquiry to an attorney regarding plaintiff's contemplated Section 1983 action. As part of the right of access to the courts, a prison must provide inmates either the assistance of a lawyer or access to an adequate law library. Bounds, 430 U.S. at 828. Plaintiff's claim that he was unable to attach the copy of the letter defendant Koubong allegedly refused to copy to plaintiff's letter of inquiry to an attorney regarding a contemplated Section 1983 action does not state a potentially colorable claim for denial of access to the courts. Plaintiff does not allege that the law library at CHCF was inadequate or that prison officials refused to provide him with the assistance of a lawyer.

Finally, plaintiff alleges that on June 11, 2024, defendant Koubong completed one of plaintiff's requests for legal materials but failed to fulfill plaintiff's entire request for legal

materials and delivered the materials on June 12, 2024, causing plaintiff to miss a phone appointment. These allegations do not state a potentially colorable access to the courts claim because plaintiff fails to allege an actual injury to a non-frivolous civil rights action, direct appeal or habeas corpus action in connection with these allegations.

Accordingly, for the reasons discussed above, plaintiff's denial of access to the courts claims raised in claim one are dismissed.

### B. Claim Two—Alleged Retaliation and Bane Act Claim

#### 1. Legal Standard for Retaliation

To state a claim for First Amendment retaliation, a plaintiff must allege five elements: (1) he engaged in protected activity; (2) the state actor took an adverse action against the plaintiff; (3) there is a causal connection between the adverse action and the protected conduct; (4) the defendant's actions would chill or silence a person of ordinary fitness from protected activities; and (5) the retaliatory action did not advance a legitimate correctional goal. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). A threat of harm can be a sufficiently adverse action to support a retaliation claim. See Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect.") (emphasis in original).

#### 2. Plaintiff's Allegations

Plaintiff alleges that on June 12, 2024, in the presence of plaintiff and several other inmates, defendant Koubong threatened that any inmate who filed a grievance would suffer retaliation for filing such grievance. (ECF No. 17 at 6.) Plaintiff alleges that defendant Koubong "amplified" this threat by verbally harassing plaintiff on June 12, 2024. (Id.) Defendant Koubong criticized and complained about plaintiff's placement of legal materials on two separate tables in the library while no other people were requesting to use the tables. (Id.) Plaintiff alleges that as a result of defendant Koubong's threats of retaliation, plaintiff did not have the courage to make requests for legal materials, requests for photocopies, etc. (Id. at 7.) Plaintiff alleges that he was unable to present particular claims in his contemplated Section 1983 cases or adequately prosecute his habeas corpus petition in Superior Court. (Id.) Plaintiff alleges that defendant

Koubong threatened to retaliate against plaintiff because of his filing of administrative grievances and the filing of his habeas corpus petition in Superior Court. (Id. at 8.)

### 3. Analysis—Retaliation

As he did in the first amended complaint, plaintiff again alleges that defendant Koubong threatened to retaliate against plaintiff and other inmates who filed grievances. As this Court advised plaintiff in the July 16, 2024 order, plaintiff's claim that defendant Koubong generally threatened to retaliate against inmates who file grievances is too vague and conclusory to demonstrate an adverse action. See Hairston v. Juarez, 2023 WL 2468967, at *3 (S.D. Cal. Mar. 10, 2023) ("But Plaintiff's allegations are conclusory and not specific enough to plausibly allege a retaliation claim. Stating Defendant 'threaten[ed] Plaintiff with future retaliation' merely parrots the wording of the claim.").

Plaintiff suggests that defendant Koubong's criticism and complaint of plaintiff using two library tables was in retaliation for plaintiff's previous filing of grievances and his habeas corpus action and/or meant to deter plaintiff from future legal activities. (ECF No. 17 at 8.) This Court finds that defendant Koubong's alleged criticism and complaint of plaintiff using two library tables is not the type of action that would chill or silence a person of ordinary fitness from protected activities. See Watison, 668 F.3d at 1114; Bryant v. Asuncion, 2022 WL 2655815, at *10 (C.D. Cal. May 5, 2022) (defendant's verbal harassment, viewed in context, was not such as would chill a person of ordinary firmness), findings and recommendations adopted, 2022 WL 2651959 (C.D. Cal. Jul. 7, 2022); Hardan v. Nye County, 2017 WL 4349228, at *10 (D. Nev. Sept. 28, 2017) (defendant's adversarial tone and dismissive responses would not chill a person of ordinary firmness from filing a court action). Accordingly, this Court finds that these allegations do not demonstrate an adverse action by defendant Koubong.

To the extent plaintiff alleges that defendant Koubong denied plaintiff's requests for pleading paper, envelopes, legal materials and a copy of the letter, as discussed in claim one, in retaliation for plaintiff filing grievances and his habeas corpus petition, plaintiff pleads no facts demonstrating that these alleged actions were taken by defendant Koubong *because* plaintiff filed grievances and a habeas corpus petition. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a 42 U.S.C. § 1983 claim.). This Court also observes that defendant Koubong's alleged threat to retaliate against inmates who filed grievances came *after* the misconduct alleged in claim one.

Finally, in the second amended complaint form, plaintiff identifies the issue involved in claim two as a threat to safety. (ECF No. 17 at 6.) The second amended complaint pleads no facts demonstrating that defendant Koubong threatened plaintiff's safety.

Accordingly, for the reasons discussed above, the retaliation claims alleged in claim two are dismissed.

### 4. Analysis—Bane Act

Plaintiff alleges that the allegations in claim two state a claim pursuant to the Bane Act. California Civil Code section 52.1, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. Austin B. v Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883 (2007) (quotation marks omitted).

In the July 16, 2024 order, this Court dismissed plaintiff's Bane Act claim because plaintiff failed to allege compliance with the Government Claims Act. (ECF No. 10 at 6-7.) In the second amended complaint, plaintiff alleges that on June 19, 2024, he mailed a Government Claim submission to the California Department of General Services, Government Claim Program. (ECF No. 17 at 7.) Plaintiff alleges that to date, no action has been taken on his claim.[1] (Id.)

---

[1] The Government Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity for money or damages. See Cal. Gov't. Code § 900 et seq. In order to comply with the Government Claims Act, a plaintiff who files an administrative claim with a public entity must either receive a notice of the claim's rejection or give the entity 45 days to respond to the claim prior to the filing of any lawsuit, after which the entity's inaction is deemed a rejection. See Cal. Gov't. Code §§ 912.4, 945.4. Plaintiff filed the second amended complaint

For the following reasons, this Court finds that plaintiff fails to state a potentially colorable Bane Act claim. The Bane Act makes clear that "[s]peech alone is not sufficient to support an action brought pursuant to [the Act], except upon a showing that the speech itself threatens violence ... and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property." Cal. Civ. Code § 52.1(k). Plaintiff's claim that defendant Koubong threatened to retaliate against any inmate who filed a grievance does not demonstrate that defendant Koubong threatened violence. Accordingly, plaintiff's Bane Act claim is dismissed.

5. <u>Defendants Jones and Does 1-10</u>

Plaintiff alleges that defendants Jones and does 1-10 failed to intervene after plaintiff put defendants on notice of the deprivations committed by defendants Koubong in grievance no. 577337. (ECF No. 17 at 9.) Plaintiff alleges that he filed his first grievance in May 2024. (<u>Id.</u>)

Administrative or supervisory defendants who were involved in reviewing claims in an administrative grievance process may be liable for the constitutional violations complained of in those grievances, depending upon (1) the type and timing of problem complained of, and (2) the role of the defendant in the process. <u>See</u> <u>Witkin v. Lotersztain</u>, 2023 WL 2751036, at *12 (E.D. Cal. Mar. 30, 2023), findings and recommendations adopted, 2023 WL 3456831 (May 15, 2023). For example, an appeals coordinator cannot cause or contribute to a completed constitutional violation, which occurred in the past and which is not remediable by any action the reviewer might take. <u>See id.</u>; <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). "A defendant whose only role in a completed constitutional violation involved the denial of a grievance 'cannot be liable under § 1983.'" <u>Witkin</u>, 2023 WL 2751036, at *12 (quoting <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999)).

This Court finds that plaintiff fails to state a potentially colorable claim against defendants

---

on August 14, 2024. While 45 days from June 19, 2024 is August 3, 2024, this Court makes no finding regarding plaintiff's compliance with the Government Claims Act.

1   Jones and does 1-10 based on their alleged failure to intervene in defendant Koubong's violation
2   of plaintiff's constitutional rights because plaintiff fails to state a potentially colorable claim
3   against defendant Koubong.  In other words, to state a potentially colorable claim against
4   defendants Jones and does 1-10 based on their failure to intervene, plaintiff must plead facts
5   demonstrating that defendants failed to intervene in a violation of plaintiff's constitutional rights.
6   In addition, this Court cannot determine whether plaintiff states a potentially colorable claim
7   against defendants Jones and does 1-10 because plaintiff fails to describe what he wrote in
8   grievance no. 577337 and whether he described the alleged misconduct as ongoing.  Accordingly,
9   the claims against defendants Jones and does 1-10 are dismissed.

## IV. CONCLUSION

For the reasons discussed above, plaintiff's second amended complaint is dismissed with leave to file a third amended complaint.  No further opportunities to amend will be granted.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original or prior pleading is superseded and treated as non-existent.  See Ramirez, 806 F.3d at 1008.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; and failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 26, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Tay1871.am

2