1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    WAYNE TAYLOR,                              No.  2:24-cv-01871-TLN-CSK

12              Plaintiff,

13        v.                                     **ORDER**

14    S. KOUBONG, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  On September 30, 2024, Plaintiff filed objections to orders filed by this

19    Court on September 6, 2024, and September 17, 2024.  (ECF No. 22.)  This Court construes

20    Plaintiff's objections to these orders as requests for reconsideration.

21        Although motions to reconsider are directed to the sound discretion of the Court, *Frito-*

22    *Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

23    judicial economy weigh heavily in the process.  Thus, Local Rule 230(j) requires that a party

24    seeking reconsideration of a district court's order must brief the "new or different facts or

25    circumstances [which] were not shown upon such prior motion, or what other grounds exist for

26    the motion."  *Id.*  The rule derives from the "law of the case" doctrine which provides that the

27    decisions on legal issues made in a case "should be followed unless there is substantially different

28    evidence . . . new controlling authority, or the prior decision was clearly erroneous and would

1

1  result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981);

2  *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert. denied*, 475 U.S. 1064

3  (1986).

4  In the order filed September 6, 2024, this Court adopted the findings and

5  recommendations filed July 17, 2024, recommending denial of Plaintiff's second motion for

6  preliminary injunction and temporary restraining order.  (ECF No. 19.)  The September 6, 2024,

7  order stated that this Court considered Plaintiff's objections to the July 17, 2024, findings and

8  recommendations.  (*Id.*)  In the pending request for reconsideration, Plaintiff claims that in the

9  September 6, 2024, order, this Court failed to rule on Plaintiff's objections to the findings and

10  recommendations filed July 17, 2024.  (ECF No. 22 at 1.)  Plaintiff claims this Court should have

11  either sustained or overruled Plaintiff's objections to the July 17, 2024, findings and

12  recommendations.  (*Id.*)  This argument is without merit as this Court considered Plaintiff's

13  objections to the July 17, 2024, findings and recommendations, as stated in the September 6,

14  2024, order.  Accordingly, Plaintiff's request for reconsideration of the September 6, 2024, order

15  is DENIED.

16  In the order filed September 17, 2024, this Court construed Plaintiff's objections to the

17  magistrate judge's order filed July 16, 2024, denying Plaintiff's motion for appointment of

18  counsel as a request for reconsideration of the July 16, 2024, order.  (ECF No. 20.)  This Court

19  denied Plaintiff's request for reconsideration.  (*Id.*)  In the pending request for reconsideration,

20  Plaintiff claims that in the order filed September 17, 2024, this Court wrongly construed

21  Plaintiff's objections to the July 16, 2024 order as a request for reconsideration.  (ECF No. 22 at

22  2.)  This argument is without merit.  Accordingly, Plaintiff's request for reconsideration of the

23  September 17, 2024 order is DENIED.

24  Accordingly, IT IS HEREBY ORDERED that Plaintiff's objections (ECF No. 22),

25  construed as requests for reconsiderations of the orders filed September 6, 2024, and September

26  17, 2024, are DENIED.

27  //

28  //

Date: January 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE