UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>S. KOUBONG, et al.,<br><br>  Defendants. | No.  2:24-cv-1871-TLN-CSK P<br><br>ORDER |

Plaintiff Wayne Taylor ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 27, 2024, the magistrate judge dismissed Plaintiff's second amended complaint ("SAC") with thirty days leave to file a third amended complaint ("TAC").  (ECF No. 18.)  On December 30, 2024, the magistrate judge granted plaintiff a final extension of fourteen days to file a TAC.  (ECF No. 29.)  Fourteen days passed and Plaintiff did not file a TAC.  Accordingly, on January 27, 2025, the magistrate judge filed findings and recommendations herein recommending that this action be dismissed based on Plaintiff's failure to file a TAC.  (ECF No. 31.)  As reflected in the January 27, 2025, findings and recommendations, Plaintiff was granted 139 days in total to file a TAC but failed to do so.  (*Id.*)  In response to the findings and recommendations, Plaintiff filed a second motion for appointment of counsel and then filed

1

1  objections. (ECF Nos. 32, 33.) This Court first addresses Plaintiff's second motion for
2  appointment of counsel before turning to Plaintiff's objections.
3        In the second motion for appointment of counsel, Plaintiff requests that counsel be
4  appointed because Plaintiff is likely to succeed on the merits of his claims and the factual and
5  legal issues involved in this action are complex. (ECF No. 32 at 2.) Plaintiff also claims that
6  mental illness renders Plaintiff unable to present his claims without professional assistance. (*Id.*
7  at 2-3.) Attached to Plaintiff's objections are medical records dated January 23, 2025, stating that
8  Plaintiff is being referred to the Enhanced Outpatient Program ("EOP") level of care. (ECF No.
9  33 at 11.) These medical records also indicate that Plaintiff suffers from depression. (*Id.* at 12–
10 13.)
11       However, Plaintiff's claim that counsel should be appointed because Plaintiff cannot
12 present his claims due to mental illness is contradicted by Plaintiff's recent filing of two new
13 actions in this Court. On January 23, 2025, Plaintiff filed a new civil rights action: *Taylor v.*
14 *Awatani*, 2:25-cv-00307-TLN-AC. On January 29, 2025, Plaintiff filed a new petition for writ of
15 habeas corpus: *Taylor v. Warden*, 2:25-cv-00398-TLN-AC. In addition, Plaintiff's second motion
16 for appointment of counsel, filed February 7, 2025, is thirty-two pages long, and includes a
17 declaration by Plaintiff and a points and authorities brief. (ECF No. 32 at 11–23.) Plaintiff's
18 ability to prepare and file the detailed second motion for appointment of counsel also contradicts
19 Plaintiff's claim that mental illness renders Plaintiff unable to prepare and file a TAC. This Court
20 also finds that the factual and legal issues raised by Plaintiff in the instant action are not so
21 complicated that appointment of counsel is warranted. (*See* ECF No. 18 (order screening SAC).)
22 For these reasons, Plaintiff's second motion for appointment of counsel is DENIED. *See Palmer*
23 *v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (noting a court may appoint counsel to represent
24 indigent prisoners in section 1983 cases when exceptional circumstances exist).
25       Next, in Plaintiff's objections to the findings and recommendations, Plaintiff claims that
26 he could not file the TAC, because on January 11, 2025, prison officials confiscated Plaintiff's
27 tablet for no good reason. (ECF No. 33 at 2.) Plaintiff claims that the confiscation of the tablet
28 severely limited Plaintiff's "equal access to law library resources." (*Id.*) Plaintiff alleges that his

1  pre-existing medical condition and mobility impairment prevent plaintiff from being able to
2  physically access the law library.  (*Id.*)
3        Plaintiff's claim that he could not prepare and file a TAC due to the alleged confiscation
4  of his tablet and his alleged inability to physically access the law library is again contradicted by
5  Plaintiff's recent filing of the two new actions discussed above as well as the detailed second
6  motion for appointment of counsel filed in the instant action on February 7, 2025.  Based on
7  Plaintiff's preparing and filing of these legal documents, this Court finds that Plaintiff fails to
8  demonstrate that he was unable to prepare and file the TAC on or before January 13, 2025 — the
9  deadline to file his TAC.
10       In sum, Plaintiff was granted 139 days to file a TAC but failed to do so, and instead
11 elected to file multiple other documents and to even file other new cases.  Moreover, Plaintiff was
12 warned that failure to file a TAC could result in the dismissal of this action.  (ECF No. 29 at 2.)
13 Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the
14 findings and recommendations to be supported by the record and by the proper analysis.  *See also*
15 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted) (dismissing case for
16 failure to comply with court order).
17       Accordingly, IT IS HEREBY ORDERED that:
18       1.  Plaintiff's second motion for appointment of counsel (ECF No. 32) is DENIED;
19       2.  The findings and recommendations (ECF No. 31) are ADOPTED in full;
20       3.  This action is DISMISSED without prejudice; and
21       4.  The Clerk of the Court is directed to CLOSE this action.
22 DATED: March 28, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3